UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Leslie A. Pounds,<br><br>    Petitioner,<br><br>    v.<br><br>Robert Herzog,<br><br>    Respondent. | CASE NO. 14-0084 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Petitioner's Objections (Dkt. No. 17) to the Honorable Mary Alice Theiler's Report and Recommendations (Dkt. No. 16). Having reviewed the Report and Recommendations, Petitioner's Objections, Respondent's Response (Dkt. No. 18), and all related papers, the Court hereby ORDERS as follows:

1. The Court ADOPTS the Report and Recommendations;

2. Petitioner's habeas petition and this action are DISMISSED with prejudice; and

3. Petitioner is DENIED a Certificate of Appealability.

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

**Background**

Petitioner was convicted of murder and sentenced in 1983. (Dkt. No. 11, Ex. 1.) The judgment and sentence became final when his direct appeals concluded in 1987. (Id. at Ex. 3.) In 2011, Petitioner filed a personal restraint petition challenging his conviction on the basis that "CBLA" evidence introduced at his trial had since been scientifically discredited. (Id. at Ex. 5.) The state Court of Appeals dismissed the petition as untimely because Petitioner's evidence did not qualify for exemption from the one year time-bar on personal restraint petitions. (Id., Ex. 2 at 10.) Petitioner then filed a habeas petition with this Court in January 2014. (Dkt. No. 1.)

The Honorable Mary Alice Theiler, United States Magistrate Judge, issued a Report and Recommendations, recommending dismissal of the federal petition as untimely; the personal restraint petition was not "properly filed" so it did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). (Dkt. No. 16 at 7, 8.)

**Analysis**

I. <u>Timeliness</u>

Petitioner objects to the Report and Recommendation by attempting to undermine the State's determination that Petitioner's personal restraint petition was not timely filed. (Dkt. No. 17 at 3.) As Judge Theiler recognized, the threshold problem with Petitioner's federal habeas petition is timeliness. With certain exceptions, a habeas petition may only be filed with a federal court within one year of a final state court judgment. 28 U.S.C. §2244(d)(1). Petitioner argues the statute of limitations for his CBLA claims began to run in 2011 under the "factual predicate" exception laid out in 28 U.S.C. §2244(d)(1)(D), but even assuming that is the case, Petitioner's opportunity to file a habeas petition in federal court expired in 2012 (unless the federal statute of limitations was tolled). 28 U.S.C. §2244(d)(1).

The statute of limitations governing federal habeas petitions may be tolled while a properly filed post-conviction or collateral challenge is pending in the state courts. 28 U.S.C. §2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005). If a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). Pace, 544 U.S. at 417. In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414 (citation omitted). Here, the state court found Petitioner's personal restraint petition untimely. (Dkt. No. 11, Ex. 2 at 10.) Thus, Petitioner's application in the state courts was not "properly filed" and did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2).

The statute of limitations governing federal habeas petitions can also be suspended through equitable tolling. To qualify, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Under this standard, Petitioner makes no showing entitling him to equitable tolling of the federal statute of limitations.

II.  Petitioner's Brady-based Objections

Petitioner objects to the fairness of his trial alleging the "State failed its constitutional discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963)." (Dkt. No. 1 at 10.) Brady holds that the prosecution may not suppress "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment." 373 U.S. at 85. Here, the prosecution could not possibly have suppressed evidence about the weakness of the CBLA testimony during petitioner's trial because such evidence was only available several years later. (Dkt. No. 2, Ex. 9

at 3.) As the Washington Court of Appeals correctly noted, Brady is inapplicable in the post-conviction context. See Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68 (2009).

Petitioner further objects that Washington's time-bar exception is based on an unreasonable application of Brady v. Maryland, 373 U.S. 83 (1963). (Dkt. No. 17 at 2, 15–17.) But he offers no evidence that Washington's "newly discovered evidence" test is derived from Brady rather than the standard under which Washington courts grant motions for a new trial. (Dkt. No. 17 at 2, 15–18.) Petitioner fails to show that Washington applied federal constitutional law in an unreasonable fashion.

III.   Certificate of Appealability

A petitioner may appeal a district court's dismissal of a federal habeas petition only after a district or circuit judge grants a certificate of appealability. 28 U.S.C. § 2253(c). A certificate issues only when a petitioner makes "a substantial showing of the denial of a constitutional right." Id. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue … if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000). "Each component is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack v. McDaniel, 529 U.S. 473, 477 (U.S. 2000). Although Petitioner's habeas petition was time-

1 barred, this Court nonetheless considered his Objections relating to prosecutorial obligations
2 under Brady v. Maryland, 373 U.S. 83 (1963). (Dkt. No. 1, 17.) However, as Brady applies in the
3 pre-conviction context and petitioner is making a post-conviction appeal, jurists of reason could
4 reach only one conclusion: petitioner does not state a valid constitutional claim. Petitioner is not
5 entitled to a certificate of appealability.

**Conclusion**

This Court ADOPTS the Report and Recommendations. Petitioner's petition for writ of habeas corpus is DISMISSED with prejudice because it was filed outside of the 28 U.S.C. § 2244(d) statute of limitations period, and petitioner is not entitled to statutory or equitable tolling. Petitioner is DENIED a certificate of appealability because his petition failed to make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c).

The Clerk shall send a copy of this Order to all counsel and to Judge Theiler.

Dated this 9th day of July, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION- 5